BALLARD et al. v. TUCK et al. (No. 9271.)

Court of Civil Appeals of Texas. Galveston. April 8, 1929.

Rehearing Denied May 16, 1929.

Haynes Shannon, of Navasota, for appellants.

T. P. Buffington, of Anderson, for appellees.

324

LANE, J. L. J. Ballard, R. E. Sadler, and Woodmen of the World Camp, No. 1948, of Bedias, Tex., brought this suit against R. B. Tuck, L. O. Barnes, C. C. Lowery, and W. F. Isbell to recover upon a note signed by the defendants named and by one W. J. Long, who was dead at the time the suit was filed and whose estate was at that time insolvent. The note sued upon was for the sum of $500, dated April 2, 1923, payable to L. J. Ballard, R. E. Sadler, and Whit Smith, as managers and representatives of the Woodmen's Lodge, on the 1st day of January, 1924.

R. B. Tuck, who it is conceded is the principal on the note, answered by general denial.

C. C. Lowery answered by general denial and by alleging that at the time he signed the note he did so as a surety for R. B. Tuck and that at such time he had an agreement that in case Tuck made default in the payment of the note he was to pay no more than his proportionate part thereof, to wit, one-fourth thereof.

Defendant Barnes answered by general denial and alleged that at the time the note was "signed and given by defendants," it was expressly agreed and understood that the note was not to be delivered nor money paid therefor to Tuck until four other signatures of responsible men were signed thereto, but that, contrary to such agreement, the parties delivered the note and paid the money called for therein to Tuck without obtaining the signatures of such other responsible parties thereon.

He further alleged that at the time of the signing of the note by him it was understood and agreed by and between him and the managers of the lodge, the plaintiffs, that he should be responsible in no event for more than his proportionate part of the note.

Upon the pleadings and evidence the court before whom it was tried without a jury rendered judgment for the plaintiffs against defendant R. B. Tuck, the conceded principal, for the full sum due on the note and against defendants L. O. Barnes, C. C. Lowery, and W. F. Isbell each for one-fourth of the sum so due.

The plaintiffs appealed, insisting that the court erred in not rendering judgment in their favor for the full amount due on the note against all of the defendants jointly and severally.

At a former day of this court we affirmed the judgment of the trial court without a written opinion. Appellants have filed their motion for a rehearing and insist that under the evidence they were entitled to a reversal of the judgment and the rendition of one in their favor for the full sum due on the note against all of the defendants jointly and severally.

In support of their contention appellants insist that the note signed by Tuck, L. O. Barnes, and W. J. Long was presented to L. J. Ballard, who with authority conducted the negotiations relative to a loan to Tuck and the note given therefor; that Ballard accepted the note so signed and gave Tuck the money on the strength of the note as it then stood; that in about three weeks thereafter L. O. Barnes saw Ballard and insisted that he should get additional names on the note; that complying with the request of Barnes, C. C. Lowery and W. F. Isbell were induced to and they did sign the note.

Appellees insist that at the time Barnes made the request above mentioned it was agreed that Barnes, Long, Isbell, and Lowery were signing as sureties for Tuck, and that the sureties were to be held each for a one-fourth part of the note in the event Tuck made default in the payment of the note.

C. C. Lowery testified that he and other parties who signed the note, except Tuck, did so as sureties for Tuck; that he was present when Ballard and Barnes had the discussion about getting additional sureties, and that it was then agreed between Ballard and him and Barnes that each man who signed as a surety was to pay only his pro rata part of the note in the event Tuck made default in its payment; that Ballard, in the presence of himself and Barnes, agreed to such conditions.

Plaintiff L. J. Ballard denied that the agreement testified to by Lowery was made.

On cross-examination Ballard testified as follows: "When Mr. L. O. Barnes got back from a trip to West Texas or somewhere and found only he and Mr. Long on the note he insisted that we get other signatures on the note. He insisted that he get two or three more. We never accepted the note then, and Tuck got Lowery and Isbell on it. It was after this conversation I had with Mr. Barnes that we got the other two signatures. After he got these other signatures is when we accepted it."

On redirect examination he said: "We didn't accept it until all of these signatures were on it."

In this state of the evidence we are not prepared to hold that there was not an agreement between the parties before the acceptance of the note that each surety was to be liable for one-fourth only of the sum due on the note in the event of default on the part of Tuck, the principal, to pay the note.

Having reached the conclusions above expressed, the motion is refused.